QUESTION: Will providing access to an existing computer video terminal for use by the general public so that they may have free access to corporation records violate either Ch. 15 or Ch. 119, F. S.?
SUMMARY: Providing access to an existing computer video terminal for use by the general public so that they may have free access to corporation records violates neither Ch. 15 nor Ch. 119, F. S. According to your letter, the department is contemplating utilizing existing computer video equipment in the Corporations Division so as to allow free access to records stored therein. This terminal would be operated by members of the public based upon instructions furnished by the department. You have expressed your belief that this method of access helps to carry out the spirit and the letter of the Public Records Law. Section15.09(1)(a), F. S., provides, in pertinent part, as follows: (1) The fees, except as provided by law to be collected by the Department of State, are: (a) For searching of papers or records, $2. Additionally, s. 119.07(1), F. S., provides that the custodian of public documents shall furnish copies or certified copies thereof upon payment of fees as prescribed by law, or, if fees are not prescribed by law, upon payment of the actual cost of duplication of the copies. Although the fee schedule found at s.15.09(1)(a), F. S, authorizes the imposition of a $2 fee for the searching of public records or papers by employees of the department, I do not believe that this fee may be imposed for the mere inspection and examination of public records by the general public. In AGO 075-50 this office expressed the view that Ch. 119, F. S., does not authorize a public official to impose a fee for the inspection of public documents. The right of citizens to inspect their records may not, in the absence of statute, be conditioned upon payment of search fees, the payment of the salary of the custodian, or the like. While s. 15.09(1)(a) authorizes the imposition of an employee search fee when such task is performed by the employee for the benefit of a member of the public, it does not purport to authorize the imposition of such a fee when a member of the public inspects and examines public documents without requiring an employee of the department to carry out a search of the department's records. Since, according to your letter, the public will be able to inspect and examine public records through the use of a computer terminal, thereby avoiding the use of employee time in searching for records based upon individual demands, the provisions of s. 15.09(1)(a), F. S., are not applicable to the instant case. Moreover, nothing in s.15.09(1)(a) purports to authorize the imposition of a fee based upon such circumstances. See AGO 075-50 and cases cited therein. I would also note that the department has the mandatory duty under Ch. 119, F. S., to permit access to public records. The choice of methods by which this is most effectively accomplished in keeping with the legislative mandate of Ch. 119 must be within the sound discretion of the agency head who is responsible for insuring that the commands of Florida's Public Records Law are followed both in letter and spirit. Your question is answered in the negative.